UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE ROOFERS
LOCAL 149, et al.,

        Plaintiffs,

vs.                                CASE NO. 12-CV-10048

J.D. CANDLER ROOFING CO.       HON. GEORGE CARAM STEEH
and KEN KREICHELT,

        Defendants.
_____/

OPINION AND ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFFS' MOTION FOR RECONSIDERATION [DOC. 31]

      The issue in this case is whether certain Candler employees, who were designated as roofing safety monitors, actually performed roofers' work, as defined in the CBA, such that Candler owes fringe benefit contributions for the work done by these non-union workers. Plaintiffs' audit identified 17 safety monitors at issue, and the court found issues of fact with regard to at least some portion of worked performed by eight of the safety monitors. Plaintiffs filed a motion for reconsideration which is presently before the court. The court is also in receipt of defendants' response and plaintiffs' reply brief.

      Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on

the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

The first palpable defect raised by plaintiffs is that the court erred in ruling that a *Grimaldi* analysis is not applicable in this case. Plaintiffs repeat their argument that sufficient evidence has been presented that several safety monitors did covered work, therefore the corporate defendant violated the statutory requirement to keep adequate records regarding individuals who did covered work. The union has not, however, met its threshold burden of demonstrating an issue of fact regarding the defendant's burden of keeping detailed records of the work done by non-union employees in this case.

In all possible instances of safety monitors doing roofing work, a member of the union was on-site and had a strong incentive to report violations. Such union members could have recorded time spent on work in violation of the CBA, but in no instance has this occurred. Rather, the union has presented testimony of very few members that safety monitors generically "did roofing work" without specifying what work they did, on which dates such work was performed, and during which hours and on which jobs such work took place. Instead, the testimony provided by the plaintiffs is that one safety worker shoveled rock 10% of the time (Anderson dep., pp. 11-12), that another took materials to and from the roof and applied and removed roofing materials (Basile Affidavit), and yet another performed tear offs of materials and applied materials on roofs (Kaczmar Affidavit). Plaintiffs also provided testimony from individual safety monitors who admitted carrying tools, shoveling and holding the ladder 20% of the time (Vietto dep., pp. 12), or generally doing roofer's work 80% of the time (Portwood Affidavit). All of this evidence comprises anecdotal, general observations by a small percentage of roofers and safety monitors and is not sufficient to shift the burden to the

-3-

employer regarding its duty to keep detailed records for non-union safety monitors. Moreover, the court has denied summary judgment for defendant in those instances where plaintiff has produced any evidence sufficient to conclude that a given monitor performed covered work.

The court denies plaintiffs' motion to reconsider its ruling that *Grimaldi* applies in this case to shift the burden of proof to defendant.

Plaintiffs' other specific assignment of a palpable defect arises from the court's grant of partial summary judgment as to safety monitors Joe Bojanowski, Joshua Casada and Jay Portwood. Plaintiff does no more than raise arguments previously argued and rejected by the court with regard to Mr. Bojanowski and Mr. Portwood. Reconsideration is therefore denied as it relates to those individuals. The court did make an error with regard to the calculation of the hours that remain at issue for Mr. Casada, and should have granted summary judgment only with respect to the hours worked outside Local 149's jurisdiction. There is disagreement over the number of hours, if any, Mr. Casada worked outside Local 149's jurisdiction, so the court will correct its ruling to reflect that all 246 hours worked by Mr. Casada during the audit period remain to be adjudicated at trial. Now, therefore,

IT IS HEREBY ORDERED that plaintiff's motion for reconsideration is GRANTED IN PART AND DENIED IN PART consistent with this opinion and order.

IT IS SO ORDERED.

Dated: February 28, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

-4-

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
February 28, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk